**STERNS & WEINROTH**
**A Professional Corporation**
Andrea Dobin (AD-7984)
Graig P. Corveleyn (GC-3393)
50 West State Street
Suite 1400
P. O. Box 1298
Trenton, New Jersey 08607-1298
(609) 392-2100
Counsel to the Chapter 7 Trustee, Thomas J. Orr

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| In re: | : | Hon. Kathryn C. Ferguson, U.S.B.J. |
| | : | |
| DESIGNLINE CONSTRUCTION | : | |
| SERVICES, INC. | : | Case No.  09-21745(KCF) |
| | : | |
| Debtor. | : | Chapter 7 |
| | : | |

**SUPPLEMENTAL CERTIFICATION OF PROPOSED COUNSEL TO THE CHAPTER 7 TRUSTEE CONCERNING RESULTS OF CONFLICT SEARCH**

ANDREA DOBIN, of full age, certifies as follows:

1.       I am an attorney at law of the State of New Jersey and a shareholder and director of Sterns & Weinroth, a Professional Corporation, proposed counsel to Thomas J. Orr, the Chapter 7 Trustee herein.  I have personal knowledge of the facts set forth herein.

2.       As noted in the Certification submitted in connection with the Trustee's application to retain Sterns & Weinroth (the "Firm") as his counsel, the extensive creditor list made embarking upon a search for conflicts with <u>each and every</u> scheduled creditor overly burdensome considering the issues that are to be addressed by the Trustee and, therefore, the Firm.

{00235982;v1}

3.       It is the Firm's intention to run an independent conflict each and every time that it takes an adversarial position against a creditor, i.e., pursuing an avoidable transfer, challenging a claim, etc.  At this early stage, it is the Firm's intention to ferret out any obvious conflicts to determine if there would be an extensive need for "conflicts counsel".  That does not appear to be the case.

4.       In all, the Firm searched the names of 129 creditors.  These are the creditors who were scheduled to have claims exceeding $20,000 against the Debtor.  Only one creditor appeared in the Firm's system in a manner that would suggest a conflict.

5.       "Simplex Grinnell, LP" is scheduled as having a claim of more than $35,000, although it filed a Proof of Claim on June 19, 2009 in the amount of $6,867.06 (Claim No. 114) suggesting that the Debtor's schedules are in error.  This company is an affiliate of a current client of the Firm, such that the Firm would not be able to take a position adverse to this creditor.  In the event that the Trustee elected to take a position adverse to this creditor, the Firm would request that he engage the services of "conflict counsel" to do so.

6.       In light of the size of this case, the indirect relationship between the Firm and Simplex Grinnell, LP, and the *de minimus* size of the creditor's claim, I believe that this relationship does not detract from the disinterestedness of the Firm.  The Firm may be retained as general counsel to the Trustee.

I hereby certify that the above statements made by me are true.  I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: October 13, 2009                    _____/s/ Andrea Dobin_____
                                                                      Andrea Dobin

{00235982;v1}